**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| DELTA ELECTRONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VICOR CORPORATION, <br><br> Defendant. | Civil Action No. 7:26-cv-00288 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Delta Electronics, Inc. ("Delta") files this complaint for patent infringement against Defendant Vicor Corporation ("Vicor"), and in support thereof alleges as follows:

**Nature of the Action**

1.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, specifically including 35 U.S.C. § 271.

2.     Delta is a global leader in the design, development, manufacture, and sale of power electronics, including power management solutions such as power converters, that are needed to power high-end electronic devices like data center servers.  Founded more than 50 years ago, Delta has achieved great financial success due to its unmatched technical innovation and its ability to offer high-performance products that are used in a wide variety of electronic devices.  Delta's mission is to provide innovative, clean, and energy-efficient solutions for a better tomorrow.  To continue to innovate, Delta has invested significant resources to develop a large patent portfolio covering its power electronics, including its power converters, modules, and systems.

3.     Vicor competes directly against Delta in the power supply and power converter markets, including by offering products that are designed for the same applications as Delta's products.

**COMPLAINT FOR PATENT INFRINGEMENT** – Page 1

4.     Vicor has infringed and continues to infringe Delta's U.S. Patent No. 11,923,772 ("the '772 Patent"), a Delta patent directed to innovative power converter technology.  Vicor has infringed and continues to infringe the '772 Patent at least by making, using, selling, or offering for sale in the United States, and/or importing into the United States, infringing power converter products covered by one or more claims of the '772 Patent, by selling or exporting products especially made for use in an infringing device, and by contributing to and/or inducing others to create such infringing devices using components supplied by Vicor.

### The Parties

5.     Delta is a corporation organized and existing under the laws of the Republic of China, with a principal place of business at 186, Ruey Kuang Road, Neihu District, Taipei 114501, Taiwan.

6.     Upon information and belief, Vicor is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 25 Frontage Road, Andover, Massachusetts 01810.

### Jurisdiction and Venue

7.     This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.     This Court may properly exercise personal jurisdiction over Vicor, whether general or specific, consistent with the Due Process Clause of the United States Constitution, U.S. Const. amend. XIV, § 1, and/or pursuant to the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code Ann. §§ 17.041-17.045.

9.     Vicor has purposefully availed itself of the privilege of conducting business in the State of Texas, including in this judicial district, thereby invoking the benefits and protections of

Texas law.  Vicor's contacts with Texas are substantial, continuous, and systematic, and are not random, fortuitous, or attenuated.

10.     Vicor is registered to do business in the State of Texas, and has been assigned Texas Taxpayer ID #10427428171.  On information and belief, Vicor does substantial business in Texas and derives substantial revenue from that business.  Vicor also maintains a regular and established place of business in this judicial district at 1620 La Jaita Dr., Suite 100, Cedar Park, TX 78613.  This facility is also the principal place of business for Vicor subsidiary Freedom Power Systems, Inc., which on information and belief is an alter ego of Vicor.  In addition to operating this subsidiary from this location, Vicor publicly describes the Cedar Park office as an "additional location" for Vicor itself.

11.     On information and belief, Vicor has committed acts of infringement in the State of Texas, including in this judicial district, including offering to sell and/or selling infringing power converter products to customers here, and/or by placing such infringing power converter products into the stream of commerce with the awareness, knowledge, and intent that they would be offered for sale or sold by others in this judicial district and/or purchased and used by consumers in this judicial district.  On information and belief, Vicor also assists customers in the State of Texas, including in this judicial district, in integrating Vicor's infringing power converter products into their own products, such as computer servers, for use by end-customers in the State of Texas and elsewhere.

12.     Venue may lie in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because Vicor has committed, and continues to commit, acts of infringement in this judicial district and maintains a regular and established place of business in this judicial district.

13.    Vicor publicly lists its above-identified office in Cedar Park, Texas as a place of business for Vicor itself:



https://www.vicorpower.com/about-the-company/fact-sheet (last accessed July 12, 2026, at 9:19 am ET).  A copy of the Vicor Fact Sheet downloaded from Vicor's website is attached hereto as Exhibit 6.

14.    Vicor also provides a facility on its corporate website (vicorpower.com) that enables visitors to search for job openings by location.  Entering either "Cedar Park" or "Texas" in the "Search by location" field recently returned a job listing for an Associate Test Engineer in Vicor's Cedar Park, Texas office:



https://careers.vicorpower.com/search/?createNewAlert=false&q=&locationsearch=texas&optio nsFacetsDD_dept= (last accessed July 12, 2026, at 9:37 am ET).  A printout of the web page is attached hereto as Exhibit 7.

15.    On information and belief, Vicor has current employees based in its Cedar Park, Texas office whose job functions include testing products manufactured by Vicor, including but not limited to the power converter products accused of infringement in this action, as well as supporting customers located in this judicial district in using and/or incorporating the accused power converter products into their own products.

16.    By actively maintaining an office in this judicial district, employing personnel to support Vicor's manufacturing activities and service customers in this judicial district, and actively recruiting additional employees to work at Vicor's office in this judicial district, Vicor has a regular and established place of business in this judicial district.

### The Patent-in-Suit

17.    U.S. Patent No. 11,923,772, titled "DC/DC Converter for Decreasing Power Loss Caused Parasitic Resistance and Increasing Equivalent Capacitance of High-Voltage Side Capacitor," was issued by the U.S. Patent and Trademark Office ("USPTO") on March 5, 2024. A true and correct copy of the '772 Patent is attached as Exhibit 1.

18.    Delta is the owner by assignment of the entire right, title, and interest in and to the '772 Patent, including the sole and undivided right to sue for infringement and the sole and undivided right to recover damages for any past or future infringement.

19.    The '772 Patent is valid and enforceable.

20.    Vicor is not licensed to practice the '772 Patent.

**COMPLAINT FOR PATENT INFRINGEMENT** – **Page 5**

**Factual Background**

21.     Delta was founded in 1971 by Bruce Cheng in Xinzhuang Town, Taipei County, Taiwan.

22.     Since its founding, Delta has grown to become a global leader in the development and manufacturing of power and thermal management solutions. In its role as an industry leader, Delta invests significant resources to continuously optimize and improve not only the performance of its products, but also their efficiency. Reaching a more sustainable future through more capable and efficient power components is one of Delta's key goals.

23.     Delta's research and development has paid off. Delta offers some of the most innovative and energy-efficient power products in the electronics industry, including DC to DC converters with efficiency over 90%.

24.     Delta has been awarded numerous U.S. and international patents for the electronic components it has developed, recognizing Delta's groundbreaking research and innovation. The '772 Patent is just one example of Delta's work on the forefront of power converter design.

25.     The '772 Patent describes an improved design for a DC/DC converter that significantly reduces power loss relative to prior conventional designs.

26.     Upon information and belief, Vicor has been aware of the '772 Patent since at or near the time the patent issued on March 5, 2024, but at least since January of 2026.

27.     Vicor competes directly against Delta in the power supply and power converter markets, including by offering products that are designed for the same applications as Delta's products. As a direct competitor of Delta in the power electronics industry, Vicor routinely monitors Delta's patent portfolio in order to evaluate competitive risks, assess the freedom to operate its own products, and identify potential patent-based claims or defenses. Upon information and belief, Vicor has maintained an active and ongoing program of monitoring Delta's patent

filings and issued patents as part of its standard competitive intelligence and patent risk management practices.

28.    The '772 Patent claims priority to Chinese Patent Appl. No. 202010640794.3, filed on July 6, 2020, and was issued by the USPTO on March 5, 2024.  Upon information and belief, the underlying Chinese priority application was published in 2021, and the corresponding U.S. patent application was published on January 6, 2022.  Vicor's ongoing monitoring of Delta's patent portfolio would have caused Vicor to have been aware of the '772 Patent's issuance at or near the time the '772 Patent issued in March 2024.

29.    Delta and Vicor have been engaged in extensive patent litigation spanning multiple forums over multiple years, all involving patents directed to power conversion and power distribution technologies — the same field of technology to which the '772 Patent relates. This extensive litigation history required Vicor to repeatedly investigate Delta's patent portfolio, and upon information and belief, Vicor acquired actual knowledge of the '772 Patent and its priority applications through those investigations.

30.    In July 2023, Vicor filed a complaint with the U.S. International Trade Commission ("ITC") that led to the institution of ITC Investigation No. 337-TA-1370, captioned *Certain Power Converter Modules and Computing Systems Containing the Same*, asserting Delta's infringement of U.S. Patent Nos. 10,199,950 ("Power Distribution Architecture with Series-Connected Bus Converter"), 9,166,481 ("Digital Control of Resonant Power Converters"), and 9,516,761 ("Encapsulated Modular Power Converter with Symmetric Heat Distribution").  Simultaneously, in July 2023, Vicor filed a patent infringement suit against Delta and related companies in the U.S. District Court for the Eastern District of Texas, Civil Action No. 2:23-cv-00323-JRG-RSP, asserting the same patents along with U.S. Patent No. 6,930,893 ("Factorized Power Architecture

with Point of Load Sine Amplitude Converters"). Upon information and belief, in preparing and filing these complaints, Vicor and its counsel investigated Delta's patent portfolio — including Delta's patents and published patent applications covering competing power conversion technologies — in order to assess the risk of potential counterclaims or retaliatory patent assertions by Delta. The published priority applications for the '772 Patent, which relate to the same or substantially similar field of technology that was at issue in those litigations, would have been identified and analyzed in the course of any such investigation.

31. In October 2023, Delta filed a patent infringement suit against Vicor in this Court, Civil Action No. 6:23-cv-00726-KC, asserting U.S. Patent No. 9,819,263 ("Power Converter and Method for Manufacturing the Same"). In November 2023, Delta filed a separate patent infringement suit against Vicor in the U.S. District Court for the District of Delaware, Civil Action No. 1:23-cv-01246-JLH, asserting U.S. Patent Nos. 10,877,534 ("Power Supply Apparatus") and 8,711,580 ("Resonant Conversion System with Over-Current Protection Processes"). Upon information and belief, in defending those actions and assessing Delta's litigation strategy, Vicor and its counsel investigated Delta's patent portfolio — including an assessment of which other Delta patents and published patent applications might be asserted against Vicor's products — that would have included analysis of the '772 Patent's published priority applications.

32. On January 12, 2026, Vicor filed a complaint with the ITC that led to the institution of ITC Investigation No. 337-TA-1484, captioned *Certain Power Converters, Circuit Board Assemblies, and Computing Systems Containing the Same*, asserting U.S. Patent No. 12,395,087 ("Power Distribution Architecture with Series-Connected Bus Converter"), which covers high-density, high-efficiency power converters and related circuit board assemblies used in AI servers, data centers, and advanced computing systems, with Delta named as one of several respondents.

On January 9, 2026, Vicor filed a parallel patent infringement suit against Delta in the U.S. District Court for the Eastern District of Texas, Civil Action No. 2:26-cv-00017-RWS, asserting the same patent and alleging infringement based on Delta's power converter modules and related assemblies used in computing systems.

33.    Vicor's U.S. Patent No. 12,395,087 is directed to a power conversion and delivery circuit and architecture using input and output coupling for delivering power in high-density computing environments.  The '772 Patent asserted here similarly describes and claims a power conversion and delivery architecture involving input and output coupling.  Indeed, the specifications of both patents teach that the technology described therein may be used to supply power to processors and application specific integrated circuits (ASIC), such as central processing units (CPU) and graphics processing units (GPU) with improved efficiency.  The technical subject matter of U.S. Patent No. 12,395,087 therefore has significant overlap with the technical subject matter of the '772 Patent.  Upon information and belief, in conducting its pre-suit investigation for the January 2026 ITC and district court litigations, Vicor and its counsel assessed the risk of Delta asserting counterclaims based on Delta's own patent portfolio covering the same or substantially similar power conversion technologies, and in doing so identified and analyzed the '772 Patent.

34.    In sum, between July 2023 and January 2026, Vicor and Delta were involved in numerous patent disputes — including ITC investigations, district court infringement actions, and related *inter partes* review proceedings — all involving patents directed to power conversion technologies in the same or substantially similar fields of technology as the '772 Patent asserted here.  Upon information and belief, based on the sheer volume and nature of the patent investigation activities that Vicor would have been required to conduct in connection with prosecution and defending those litigations, as well as its active patent monitoring program,

particularly for a known, active competitor such as Delta, with whom it was involved in multiple litigations in multiple forums, Vicor must have become aware of and analyzed the '772 Patent at least as of January 2026.

35.    To the extent Vicor denies having had prior knowledge of the '772 Patent, contrary to the facts alleged herein, Vicor has been aware of the patent and its infringement thereof no later than the time of service of this complaint.

## Vicor's Infringement

36.    Vicor has directly and indirectly infringed, and continues to directly and indirectly infringe, one or more claims of the '772 Patent at least by making, using, offering for sale, and/or selling in the United States, and/or importing into or exporting from the United States, power converter products that infringe the '772 Patent (hereinafter, "Vicor Accused Products"), and by contributing to and inducing others to do the same, including Vicor's downstream customers.

37.    The Vicor Accused Products are products that comprise or include a DC/DC converter satisfying all the limitations of at least claim 4 of the '772 Patent.  Vicor designs and manufactures infringing DC/DC converters in the United States. The infringing DC/DC converters have application in many types of devices designed and manufactured by Vicor's customers, including power supplies for servers.

38.    Attached hereto as Exhibit 2 is a claim chart showing how an exemplary Vicor Accused Product, the NBM™ Bus Converter (Model No. NBM2317S60D1580T0R), satisfies the limitations of claim 4 of the '772 Patent.  Attached hereto as Exhibit 3 is Vicor's datasheet for the NBM™ Bus Converter, which is available on Vicor's website (vicorpower.com).  The contents of Exhibits 2 and 3 are incorporated herein by reference.

COMPLAINT FOR PATENT INFRINGEMENT – Page 10

39.     Attached hereto as Exhibit 4 is a claim chart showing how another exemplary Vicor Accused Product, the DCM<sup>TM</sup> DC-DC Converter (Model No. DCM3717S60D13K0TN1), satisfies the limitations of claim 4 of the '772 Patent.  Attached hereto as Exhibit 5 is Vicor's datasheet for the DCM<sup>TM</sup> DC-DC Converter, which is available on Vicor's website (vicorpower.com).  The contents of Exhibits 4 and 5 are incorporated herein by reference.

40.     The identification of exemplary Vicor Accused Products herein, as well as the claim charts in Exhibits 2 and 4, are preliminary in nature and are provided without prejudice to Delta's right to assert additional and/or different claims of the '772 Patent against these or any other Vicor Accused Products.  Upon information and belief, Vicor designs and manufactures other power converter products with designs like those of the above-identified exemplary Vicor Accused Products, many or all of which use Delta's patented technology.

41.     According to public filings Vicor has made with the Securities and Exchange Commission (SEC), Vicor manufactures the Vicor Accused Products in the United States, at its manufacturing facility in Andover, Massachusetts.

42.     According to public filings Vicor has made with the SEC, Vicor sells Vicor Accused Products both directly through its own salesforce and website, as well as indirectly through a network of independent sales representatives and at least four distributors: Arrow Electronics, Inc., Digi-Key Corporation, Avnet Electronics, and Mouser Electronics, Inc.

43.     The Vicor Accused Products are available for direct purchase on Vicor's website (vicorpower.com).

44.     Vicor maintains sales offices in the United States to sell Vicor Accused Products. For example, according to public filings Vicor has made with the SEC, Vicor sells Vicor Accused Products through offices in Massachusetts, Illinois, and California.

**COMPLAINT FOR PATENT INFRINGEMENT – Page 11**

45.     Vicor also assists its customers with the design of products to integrate Vicor Accused Products into downstream products, including in the United States.  Vicor Field Application Engineers (FAEs) based in the United States provide direct technical support to Vicor's customers both in the United States and abroad, and Vicor Product Development Engineers (PDEs) located at Vicor's headquarters in Massachusetts further support FAEs and Vicor's customers.

46.     Further, in concert with its authorized distributors and customers, Vicor causes or induces infringing products to be made, used, offered for sale, or sold within the United States, or imported into the United States.

47.     Upon information and belief, in concert with contract manufacturers, suppliers, and/or assembly facilities overseas, Vicor exports material components of products that practice the claimed invention, which components are especially made or especially adapted for the use in a manner that infringes the '772 Patent.

48.     Upon information and belief, Vicor actively induces the combination of such exported components into products that practice inventions claimed in the '772 Patent, and/or knowingly exports one or more components that practice Delta's patented invention, intending those components to be combined in a manner that would infringe the '772 Patent if combined as such in the United States.

49.     Specifically, Vicor has designed and manufactured, and continues to design and manufacture, power converters that practice the '772 Patent.  The Vicor Accused Products include, as non-limiting examples, the specific products identified in Exhibits 3 and 5.

## Count I – Infringement of U.S. Patent No. 11,923,772

50.     Delta incorporates by reference the allegations in Paragraphs 1 through 49 above and the exhibits discussed in those paragraphs as if fully set forth herein.

COMPLAINT FOR PATENT INFRINGEMENT – Page 12

51.     The following allegations are based on publicly available information and a reasonable investigation of the structure and operation of the Vicor Accused Products. Delta reserves the right to amend its infringement allegations to the fullest extent permitted under law or any order of this Court, including, for example, based on information about the Vicor Accused Products that Delta obtains through discovery in this action.

52.     Vicor has directly infringed one or more claims of the '772 Patent, including claim 4, by making, using, offering to sell, or selling within the United States, or importing into the United States, the Vicor Accused Products in violation of 35 U.S.C. § 271(a). As alleged above and as illustrated in the claim charts attached as Exhibits 2 and 4, the Vicor Accused Products, including the exemplary products analyzed in Exhibits 2 and 4, satisfy every limitation of one or more claims of the '772 Patent, including claim 4.

53.     As alleged above, the products charted in Exhibits 2 and 4 are merely intended to be exemplary of the Vicor Accused Products.

54.     Vicor has induced infringement of one or more claims of the '772 Patent, including claim 4, by its customers in violation of 35 U.S.C. § 271(b). Specifically, Vicor understands, intends, and encourages its customers to incorporate the Vicor Accused Products into infringing downstream electronic products developed by Vicor's customers, such as servers. Vicor sells the Vicor Accused Products to customers, either directly or indirectly, knowing and intending that the Vicor Accused Products will be implemented in an infringing manner as described in Vicor's datasheets. Further, Vicor actively encourages such infringement by using its datasheets and other technical and marketing materials to inform downstream customers how to implement the Vicor Accused Products into their products in an infringing manner. Vicor collaborates directly with its customers to help them develop products that infringe with full knowledge of such infringement.

**COMPLAINT FOR PATENT INFRINGEMENT – Page 13**

On information and belief, Vicor also sells or otherwise supplies evaluation boards that implement the Vicor Accused Products in an infringing manner, and Vicor sells or otherwise supplies those boards both to customers within the U.S. for evaluation for potential implementation in downstream products, as well as to customers outside the U.S., such as foreign manufacturers. At least some of Vicor's customers' products, like servers, are manufactured outside the U.S. and then imported into the U.S. and/or sold throughout the U.S. by Vicor's downstream customers and their retailers.

55.    Vicor has contributed to infringement of one or more claim of the '772 Patent, including claim 4, in violation of 35 U.S.C. § 271(c).  Specifically, the Vicor Accused Products constitute a material part of the inventions claimed in the '772 Patent.  Vicor sells the Vicor Accused Products to customers in the United States knowing that they are especially made or especially adapted for use in a manner that infringes the '772 Patent.  The Vicor Accused Products are not staple articles of commerce suitable for substantial non-infringing use because the datasheets and other technical and marketing materials created by Vicor for those products confirm they are specifically designed to be implemented in a downstream device in an infringing manner.

56.    The Vicor Accused Products are also substantial components of DC/DC converters covered by the '772 Patent.  Vicor has infringed one or more claims of the '772 Patent, including claim 4, in violation of 35 U.S.C. § 271(f)(1) by supplying or causing the Vicor Accused Products to be supplied in or from the United States in such manner as to actively induce their combination outside the United States in a manner that would infringe the patent if that combination occurred within the United States.  As alleged above, Vicor actively encourages such combinations by using its datasheets and other technical and marketing materials to inform customers how to configure the Vicor Accused Products to create infringing DC/DC converters.

57.    Vicor has infringed one or more claims of the '772 Patent, including claim 4, in violation of 35 U.S.C. 271(f)(2) by supplying or causing the Vicor Accused Products to be supplied in or from the United States knowing that they are especially made or especially adapted for use in a manner that infringes the '772 Patent and not staple articles of commerce suitable for substantial non-infringing use, and intending that they be combined outside the United States in a manner that would infringe the patent if such combination occurred within the United States.

58.    Vicor's infringement of the '772 Patent has damaged and continues to damage Delta in an amount yet to be fully determined, but in any event at least equal to a reasonable royalty for Vicor's unauthorized use of Delta's patented technology.

59.    Because of Vicor's infringement of the '772 Patent, Delta has suffered and will continue to suffer irreparable harm and injury, for example, in the form of lost customers and/or lost market share.  Unless enjoined by this Court, Vicor and/or others acting on Vicor's behalf will continue infringing the '772 Patent, thereby causing additional irreparable injury to Delta, for which there is no adequate remedy at law.  Specifically, Vicor's actions will irreparably harm Delta's standing in the power converter market by causing Delta to lose customers and market share and depriving Delta of the goodwill that should flow to it as the innovator and sole authorized source of the patented technology that Vicor is effectively now claiming as its own.

60.    On information and belief, Vicor's infringement of the '772 Patent has been willful, done deliberately and with full knowledge that the manufacture, use, sale, offer for sale, importation, and/or export of the Vicor Accused Products infringes the '772 Patent, justifying an increase in the damages awarded Delta up to three times the amount found or assessed, in accordance with 35 U.S.C. § 284.

61.     Vicor's willful infringement of the '772 Patent also renders this case exceptional, justifying an award to Delta of its reasonable attorney fees in accordance with 35 U.S.C. § 285.

### Prayer for Relief

WHEREFORE, Delta prays for judgment in its favor granting the following relief:

A.     A finding that Vicor has directly infringed, induced others to infringe, and/or contributorily infringed the '772 Patent;

B.     An order, pursuant to 35 U.S.C. § 283, that Vicor and all its affiliates, employees, agents, officers, directors, attorneys, successors, and assigns, and all those acting on behalf of or in active concert or participation with any of them, be enjoined from: (1) infringing the '772 Patent, (2) making, using, selling, and offering for sale in the United States, or importing into the United States, the Vicor Accused Products, and (3) exporting the Vicor Accused Products from the United States for combination outside the United States;

C.     An award of damages pursuant to 35 U.S.C. § 284 adequate to compensate Delta for Vicor's infringement of the '772 Patent, including both pre- and post-judgment interest, and costs as fixed by the Court;

D.     A finding that Vicor's infringement of the '772 Patent has been willful;

E.     An increase in the damages awarded to Delta of three times the amount found by the jury or assessed by the Court;

F.     A declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, and a corresponding award of Delta's reasonable attorney fees incurred in connection with the litigation;

G.     In the absence of injunctive relief, an order establishing an ongoing royalty, in an amount to be determined by the Court, for any future infringement of the '772 Patent by Vicor,

**COMPLAINT FOR PATENT INFRINGEMENT** – **Page 16**

including because of continuing sales of any products found to infringe and/or sales of any materially similar products; and

H.      Any additional and further relief the Court may deem just and proper under the circumstances.

## Jury Demand

Pursuant to Federal Rule of Civil Procedure 38(b), Delta hereby demands a trial by jury on all issues so triable.


Dated: July 31, 2026                                     Respectfully submitted,

                                                         */s/ Jennifer H. Doan*
                                                         Jennifer H. Doan
                                                         Texas Bar No. 08809050
                                                         HALTOM & DOAN
                                                         2900 St. Michael Dr., Suite 500
                                                         Texarkana, TX 75503
                                                         Phone:  (903) 255-1000
                                                         Email:  jdoan@haltomdoan.com

                                                         Mark Supko *(PHV to be filed)*
                                                         CROWELL & MORING LLP
                                                         600 Fifth Street NW
                                                         Washington, DC 20001
                                                         (202) 624-2500
                                                         msupko@crowell.com

                                                         Yuezhong Feng *(PHV to be filed)*
                                                         Gang Chen *(PHV to be filed)*
                                                         CROWELL & MORING LLP
                                                         300 N. LaSalle Drive, Suite 2500
                                                         Chicago, IL 60654
                                                         (312) 321-4200
                                                         yfeng@crowell.com
                                                         gchen@crowell.com

                                                         *Attorneys for Plaintiff Delta Electronics, Inc.*


COMPLAINT FOR PATENT INFRINGEMENT – Page 17